UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PEOPLE, TECHNOLOGY AND
PROCESSES, LLC,**

    Plaintiff,

v().                                    Case No.  8:14-cv-1356-T-30EAJ

**SCIENCE APPLICATIONS
INTERNATIONAL CORPORATION AND
LEIDOS, INC.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Dispositive Motion to Dismiss Plaintiff's Complaint (Dkt. 20) and Plaintiff's Memorandum of Law in Opposition (Dkt. 21).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is a one-count breach of contract case involving government contracts.  Plaintiff People, Technology and Processes, Inc. ("PTP"), prior to its relationship with Defendants Science Applications International Corporation and Leidos, Inc. (collectively, "SAIC"), provided modeling and simulation tools to the U.S. Army Space and Missile Defense Command / Army Forces Strategic Command in support of U.S. and Coalition Forces in Afghanistan.  To continue providing services to the U.S. Army Space and Missile Defense

Command / Army Forces Strategic Command, PTP entered into an exclusive teaming arrangement with SAIC to provide services on a Warfighter Modeling, Simulation, Analysis, and Support Indefinite Delivery, Indefinite Quantity Contract.

The breach of contract claim relates to Subcontract Task Order 0006 ("TO 0006"). Specifically, PTP alleges that SAIC breached its obligations under TO 0006. On or about May 22, 2013, PTP began to deploy PTP Personnel in Afghanistan to fill 49 Full Time Equivalent positions ordered under TO 0006. At the outset of TO 0006, SAIC delayed PTP from deploying the 49 Full Time Equivalent positions. The complaint alleges:

> SAIC breached TO 0006 and therefore the Subcontract by (i) failing to permit PTP to deploy the 49 Full Time Equivalent positions (ii) prematurely commencing the drawdown of PTP Personnel, and (iii) prematurely terminating TO 0006 all of which prevented PTP from realizing the benefit that was the basis for the Volume Discount. Over the course of performance of TO 0006, SAIC limited PTP Personnel to a maximum of 32 Full Time Equivalents during the Base Period, which is far below the 49 Full Time Equivalents bargained for under TO 0006.

(Dkt. 1 at ¶31).

SAIC's breach damaged PTP because the Volume Discount was based on spreading overhead, general, and administrative costs over a larger number of Full Time Equivalents. Without the Volume Discount, the Modeling and Simulation Services under TO 0006 resulted in $16,987,266.71 in billing for PTP Personnel instead of $12,006,815.28, a loss to PTP in the amount of at least $4,980,451.43.

SAIC moves to dismiss the breach of contract claim under Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Under Federal Rule of Civil Procedure 10(c), exhibits attached to a complaint are considered a part of the complaint for all purposes, including a Rule 12(b)(6) motion.

## DISCUSSION

PTP's complaint contains one breach of contract claim. The parties agree that the relevant contract must be construed under Virginia law. Under Virginia law, the "elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and injury or damage to the plaintiff caused by the breach of obligation." *Squire v. Virginia Housing Dev. Authority*, 758 S.E.2d 55, 60 (Va. 2014) (quoting *Filak v. George,* 594 S.E.2d 610, 614 (2004)). The Court concludes that PTP's complaint sufficiently alleges these elements.

SAIC's motion to dismiss reads like a motion for summary judgment. It also focuses on arguments that are irrelevant at this point. For example, SAIC argues that PTP cannot allege a breach of contract claim against SAIC for SAIC's decision to decline to exercise an option to renew. As PTP points out in its response, PTP is not asserting such a claim. Thus, this argument is without merit.

SAIC also argues that SAIC was not required to authorize PTP to utilize 49 Full Time Equivalents. This is a factual argument that is more appropriate on a motion for summary judgment, after the parties have conducted discovery on the relevant issues. At this stage, PTP adequately alleges that SAIC breached TO 0006 and therefore the Subcontract when it prevented PTP from deploying the 49 Full Time Equivalent positions, prematurely commenced the drawdown of PTP Personnel, and prematurely terminated TO 0006. SAIC's legal obligation to order the 49 Full Time Equivalent positions is established by the contract documents incorporated by reference into the complaint. The allegations of the complaint identify the dates and actions leading up to SAIC's acceptance and delivery of TO 0006.

SAIC's argument about the parole evidence rule is inappropriate at this stage. First, it appears that the parol evidence rule is inapplicable because the documents relied upon by PTP are incorporated into and are part of the contract. Moreover, the Court, at this stage, cannot determine the parties' intent and whether the relevant contracts are ambiguous.

Finally, SAIC moves to dismiss PTP's breach of contract claim to the extent that PTP alleges in paragraph 40 of the complaint that: "SAIC has failed and refused to enter into good faith negotiations to resolve the Demand for Adjustment, which refusal constitutes an

independent breach." SAIC asserts that this purported breach amounts to a breach of an "agreement to agree" that is not recognized under Virginia law. At this stage, the Court disagrees. SAIC does not recognize the distinction between a duty to negotiate a dispute in good faith pursuant to an enforceable contract (which is alleged here) and a duty to negotiate in good faith to enter into an enforceable contract (referred to as an "agreement to agree"). Here, PTP has alleged an obligation on SAIC's part to negotiate a dispute in good faith under a specific term contained in the contract between the parties. Thus, this independent breach is sufficiently alleged at this stage.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Dispositive Motion to Dismiss Plaintiff's Complaint (Dkt. 20) is denied.

2. Defendants shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-1356.mtdismiss-deny20.frm